**Fill in this information to identify the case**

Debtor name __**JRJR33, Inc.**__

United States Bankruptcy Court for the: __**NORTHERN DISTRICT OF TEXAS**__

Case number __**18-32123-SGJ**__
(if known)

☐ Check if this is an
   amended filing

Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:   Cash and cash equivalents

1.  **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**

**Current value of debtor's interest**

2.  **Cash on hand** _____ **$0.00**

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value |
|---|---|---|---|---|
| 3.1. | **Checking account** <br> **BBVA Compass** | **Checking account** | 3  8  8  5 | $0.00 |
| 3.2. | **Marketable Securities** <br> **UBS Financial Services** | **Marketable Securities** | 7  6  3  4 | $0.00 |
| 3.3. | **Marketable Securities** <br> **UBS Financial Services** | **Marketable Securities** | 5  4  3  2 | $0.00 |
| 3.4. | **Marketable Securities** <br> **UBS Financial Services** | **Marketable Securities** | 7  6  3  5 | $0.00 |
| 3.5. | **Checking account** <br> **Frost Bank** | **Checking account** | 4  7  2  6 | $0.00 |

4.  **Other cash equivalents**   *(Identify all)*

Name of institution (bank or brokerage firm)

5.  **Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**$0.00**

| Debtor | JRJR33, Inc. | Case number (if known) | 18-32123-SGJ |
|---|---|---|---|
| | Name | | |

## Part 2: Deposits and prepayments

**6.  Does the debtor have any deposits or prepayments?**

☐ No.  Go to Part 3.
☑ Yes.  Fill in the information below.

**Current value of debtor's interest**

**7.  Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

7.1.  **Skyline Partners, Ltd.**
**Landlord**                                                                                    $1,604.00

**8.  Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

**9.  Total of Part 2.**
Add lines 7 through 8.  Copy the total to line 81.                                    $1,604.00

## Part 3: Accounts receivable

**10.  Does the debtor have any accounts receivable?**

☑ No.  Go to Part 4.
☐ Yes.  Fill in the information below.

**Current value of debtor's interest**

**11.  Accounts receivable**

| | face amount | | doubtful or uncollectible accounts | | | |
|---|---|---|---|---|---|---|
| 11a.  90 days old or less: | $0.00 | – | $0.00 | = ............. ➜ | | $0.00 |
| 11b.  Over 90 days old: | $0.00 | – | $0.00 | = ............. ➜ | | $0.00 |

**12.  Total of Part 3**
Current value on lines 11a + 11b = line 12.  Copy the total to line 82.          $0.00

## Part 4: Investments

**13.  Does the debtor own any investments?**

☐ No.  Go to Part 5.
☑ Yes.  Fill in the information below.

| | | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

**14.  Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

**15.  Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                                    % of ownership:

15.1.  **Equity Ownership of Entities Identified on Exhibit "A"**                                                                    **Unknown**

Debtor __JRJR33, Inc.__           Case number (if known) __18-32123-SGJ__
Name

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

      Describe:

17. **Total of Part 4**
     Add lines 14 through 16. Copy the total to line 83.

                                                   **$0.00**

## Part 5:   Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

   ☑ No. Go to Part 6.
   ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | MM/DD/YYYY | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |
| 22. **Other inventory or supplies** | | | | |

23. **Total of Part 5**
     Add lines 19 through 22. Copy the total to line 84.

                                                   **$0.00**

24. **Is any of the property listed in Part 5 perishable?**
   ☑ No
   ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
   ☑ No
   ☐ Yes. Book value _____ Valuation method _____ Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
   ☑ No
   ☐ Yes

## Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**

   ☑ No. Go to Part 7.
   ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops--either planted or harvested** | | | |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6.**
     Add lines 28 through 32. Copy the total to line 85.

                                                   **$0.00**

34. **Is the debtor a member of an agricultural cooperative?**
   ☑ No
   ☐ Yes. Is any of the debtor's property stored at the cooperative?
         ☐ No
         ☐ Yes

Debtor    __JRJR33, Inc._____    Case number (if known) __18-32123-SGJ_____
       Name

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

  ☑ No

  ☐ Yes. Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

  ☑ No

  ☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

  ☑ No

  ☐ Yes

## Part 7:  Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

  ☐ No.  Go to Part 8.

  ☑ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| Misc. Office Furnshings | _____ | _____ | **$5,000.00** |
| **40. Office fixtures** | | | |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| Misc. Office Equipment | _____ | _____ | **$15,000.00** |

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

**43. Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

                                                          **$20,000.00**

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

  ☑ No

  ☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

  ☑ No

  ☐ Yes

## Part 8:  Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

  ☑ No.  Go to Part 9.

  ☐ Yes.  Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels

Debtor    __JRJR33, Inc.__                  Case number (if known)   __18-32123-SGJ__
       Name

**49.**   Aircraft and accessories

**50.**   Other machinery, fixtures, and equipment (excluding farm
      machinery and equipment)

**51.**   Total of Part 8.
      Add lines 47 through 50. Copy the total to line 87.                                       **$0.00**

**52.**   Is a depreciation schedule available for any of the property listed in Part 8?
      ☑ No
      ☐ Yes

**53.**   Has any of the property listed in Part 8 been appraised by a professional within the last year?
      ☑ No
      ☐ Yes

---

**Part 9:**   **Real property**

---

**54.**   Does the debtor own or lease any real property?

      ☑ No. Go to Part 10.
      ☐ Yes. Fill in the information below.

**55.**   Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest

| Description and location of property | Nature and extent | Net book value of | Valuation method | Current value of |
|---|---|---|---|---|
| Include street address or other description | of debtor's interest | debtor's interest | used for current | debtor's interest |
| such as Assessor Parcel Number (APN), | in property | (Where available) | value | |
| and type of property (for example, | | | | |
| acreage, factory, warehouse, apartment or | | | | |
| office building), if available. | | | | |

**56.**   Total of Part 9.
      Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.       **$0.00**

**57.**   Is a depreciation schedule available for any of the property listed in Part 9?
      ☑ No
      ☐ Yes

**58.**   Has any of the property listed in Part 9 been appraised by a professional within the last year?
      ☑ No
      ☐ Yes

---

**Part 10:**   **Intangibles and Intellectual Property**

---

**59.**   Does the debtor have any interests in intangibles or intellectual property?

      ☐ No. Go to Part 11.
      ☑ Yes. Fill in the information below.

| General description | Net book value of | Valuation method | Current value of |
|---|---|---|---|
| | debtor's interest | used for current value | debtor's interest |
| | (Where available) | | |

**60.**   Patents, copyrights, trademarks, and trade secrets

      __Trademark: "Caspi"__                                            **Unknown**

**61.**   Internet domain names and websites

      __www.jrjrnetworks.com__                                         **$0.00**

**62.**   Licenses, franchises, and royalties

---

Debtor   __JRJR33, Inc._____   Case number (if known)   __18-32123-SGJ_____
      Name

**63.** **Customer lists, mailing lists, or other compilations**

**64.** **Other intangibles, or intellectual property**

**65.** **Goodwill**

**66.** **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.                                   $0.00

**67.** **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☑ No
☐ Yes

**68.** **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☑ No
☐ Yes

**69.** **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☑ No
☐ Yes

---

**Part 11:  All other assets**

---

**70.** **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
☑ Yes.  Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**71.** **Notes receivable**

Description (include name of obligor)

**72.** **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

**$80 million NOL**
**Value on a go forward basis is approximately $16,000,000**_____   Tax year _____   $16,000,000.00

**73.** **Interests in insurance policies or annuities**

**74.** **Causes of action against third parties (whether or not a lawsuit has been filed)**

In connection with acquisition of Longaberger by JRJR, Tamala Longaberger failed to disclose a significant liability of approximately $6 - $7 million.  Estimated value of $10,000,000.00.  A copy of the Petition (w/o exhibits) is attached Exhibit "B".                                   $10,000,000.00

Nature of claim      __Breach of Reps & Warranties_____

Amount requested    __$10,000,000.00_____

JRJR33, Inc. and Agel Enterprises, Inc. v. Michael Bishop and Actitech L.P. Case No.: DC-17-15206.   A copy of the Petition (w/o exhibits) is attached Exhibit "C".                                   $30,000,000.00

Nature of claim      __Fraudulent Inducement | Breach of Fiduci_____

Amount requested    __$30,000,000.00_____

Claim against Youngevity for conversion of business enterprise involving the sale of spices, meat rubs, olive oil based salad dressings, vinegars, etc. via the home party direct selling model.  It operated in Australia, New Zealand, the United Kingdom, Canada and the U.S.  No lawsuit is currently pending.  At time of conversion annual gross revenue was in excess of $18 million.                                   $30,000,000.00

Nature of claim      __Conversion_____

Amount requested    __$30,000,000.00_____

| Debtor | **JRJR33, Inc.** | Case number (if known) | **18-32123-SGJ** |
|---|---|---|---|
| | Name | | |

**Claim against BDO for accounting errors and overbilling.  No lawsuit is currently pending.**       $15,000,000.00

| Nature of claim | **Malpractice and E&O** |
|---|---|
| Amount requested | **$10,000,000.00** |

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

78. **Total of Part 11.**
    Add lines 71 through 77.  Copy the total to line 90.       $101,000,000.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
    ☑ No
    ☐ Yes

## Part 12:  Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $1,604.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $20,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .......................➔ | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $101,000,000.00 | |
| 91. **Total.**  Add lines 80 through 90 for each column.   91a. | $101,021,604.00 + 91b. | $0.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92 ................................................       $101,021,604.00

**Fill in this information to identify the case:**

Debtor name **JRJR33, Inc.**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number **18-32123-SGJ**
(if known)

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
| --- | --- | --- | --- |

**2.1**

| **Creditor's name**<br>JGB Collateral LLC | **Describe debtor's property that is subject to a lien**<br>All Assets | **Unknown** | **$0.00** |
| --- | --- | --- | --- |

**Creditor's mailing address**
2 Charles Street Westport CT

Westport, CT 6880

**Describe the lien**
Business debt / Agreement

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Creditor's email address, if known**

**Date debt was incurred** 10/19/2017

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**All subsidiaries are liable on this obligation. See Exhibit "A".**

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$13,864,989.00

Debtor  __JRJR33, Inc.__                    Case number (if known) __18-32123-SGJ__

| **Part 1:** | **Additional Page** | | Column A<br>**Amount of claim**<br>Do not deduct the<br>value of collateral. | Column B<br>**Value of collateral**<br>**that supports**<br>**this claim** |

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.2**

**Creditor's name**
__Rochon Capital Partners__

**Creditor's mailing address**
__2950 North Harwood St. Suite 2200__

__Dallas__              __TX__    __75201__

**Creditor's email address, if known**

Date debt was incurred    __10/1/2016 -3/1/2(__

**Last 4 digits of account number**    ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**
**All Assets**

**Describe the lien**
**Business debt / Agreement**

**Is the creditor an insider or related party?**
☐ No
☑ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Unknown**              **$0.00**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor | **JRJR33, Inc.** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF TEXAS** |
| Case number (if known) | **18-32123-SGJ** |

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**     **List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☑ No. Go to Part 2.
   - ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or part.**
   If more space is needed for priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | **Total claim** | **Priority amount** |
|---|---|---|---|
| **2.1** | **Priority creditor's name and mailing address** | | |

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
_____

**Date or dates debt was incurred**
_____

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

**Last 4 digits of account number** ___ ___ ___ ___

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a)( _____ )

Debtor  **JRJR33, Inc.**                                           Case number (if known)  **18-32123-SGJ**

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |

3. List in alphabetical order all of the creditors with nonpriority unsecured claims.  If more space is needed for nonpriority unsecured
   claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |

**3.1**  Nonpriority creditor's name and mailing address     As of the petition filing date, the claim is:     **$2,661.69**
*Check all that apply.*

**1099 EXPRESS/DALLAS**                          ☐ Contingent

**2705 WOODS LANE**                              ☐ Unliquidated
                                                 ☐ Disputed

**GARLAND            TX      75044**             **Basis for the claim:**

Date or dates debt was incurred     **2/15/2018**     **Is the claim subject to offset?**

Last 4 digits of account number     __ __ __ __     ☑ No
                                                     ☐ Yes

**3.2**  Nonpriority creditor's name and mailing address     As of the petition filing date, the claim is:     **$2,379.57**
*Check all that apply.*

**3151 Skylane Partners**                        ☐ Contingent

**PO Box 2189**                                  ☐ Unliquidated
                                                 ☐ Disputed

**Addison            TX      75001**             **Basis for the claim:**

Date or dates debt was incurred     **7/1/2018**     **Is the claim subject to offset?**

Last 4 digits of account number     __ __ __ __     ☑ No
                                                     ☐ Yes

**3.3**  Nonpriority creditor's name and mailing address     As of the petition filing date, the claim is:     **$1,800.00**
*Check all that apply.*

**5500Tax Group, Inc.**                          ☐ Contingent

**2951 Marina Bay Drive, Suite 130-288**         ☐ Unliquidated
                                                 ☐ Disputed

**Leage City         TX      77573**             **Basis for the claim:**

Date or dates debt was incurred     **7/1/2016**     **Is the claim subject to offset?**

Last 4 digits of account number     __ __ __ __     ☑ No
                                                     ☐ Yes

**3.4**  Nonpriority creditor's name and mailing address     As of the petition filing date, the claim is:     **$78,151.20**
*Check all that apply.*

**American Express**                             ☐ Contingent

**PO Box 650448**                                ☐ Unliquidated
                                                 ☐ Disputed

**Dallas, , TX 75265-0448**                      **Basis for the claim:**

Date or dates debt was incurred     **2/8/2018**     **Is the claim subject to offset?**

Last 4 digits of account number     __ __ __ __     ☑ No
                                                     ☐ Yes

Debtor __JRJR33, Inc._____    Case number (if known) __18-32123-SGJ__

| **Part 2:** | **Additional Page** |

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the
previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

---

**3.5** | Nonpriority creditor's name and mailing address

__Argus Capital Funding_____

__85 Broad St.,  17th Floor_____

_____

__NY_____ __NY__ __10019__

Date or dates debt was incurred __8/25/2017__

Last 4 digits of account number ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

$100,000.00

---

**3.6** | Nonpriority creditor's name and mailing address

__Arta Travel_____

__5700 West Plano Parkway, Suite 1400_____

_____

__Plano_____ __TX__ __75093__

Date or dates debt was incurred __8/6/2015__

Last 4 digits of account number ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

$8,318.02

---

**3.7** | Nonpriority creditor's name and mailing address

__Ashok Pahwa_____

__1 Deer Run_____

_____

__Rye Brook_____ __NY__ __10573-1300__

Date or dates debt was incurred __12/23/2015__

Last 4 digits of account number ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

$925.56

---

**3.8** | Nonpriority creditor's name and mailing address

__Bauhaus_____

__1645 Stemmons Freeway, Ste A_____

_____

__Dallas_____ __TX__ __75207__

Date or dates debt was incurred __12/17/2015__

Last 4 digits of account number ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
- [x] No
- [ ] Yes

$1,018.04

---

| Debtor | **JRJR33, Inc.** | | Case number (if known) | **18-32123-SGJ** |
| --- | --- | --- | --- | --- |

| **Part 2:** | **Additional Page** |
| --- | --- |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

---

**3.9**   Nonpriority creditor's name and mailing address

**BDO Investigations B.V.**

**c/o Harrell Pailet & Associates PC 5454**

**Dallas**                  **TX**      **75231**

Date or dates debt was incurred   **6/20/2018**

Last 4 digits of account number   __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
_____

Is the claim subject to offset?
☑ No
☐ Yes

**$38,455.62**

---

**3.10**   Nonpriority creditor's name and mailing address

**Broadridge**

**PO Box 416423**

**Boston, , MA 02241**

Date or dates debt was incurred   **6/7/2018**

Last 4 digits of account number   __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
_____

Is the claim subject to offset?
☑ No
☐ Yes

**$24,522.19**

---

**3.11**   Nonpriority creditor's name and mailing address

**Business Wire**

**Department 34182, PO Box 39000**

**San Francisco**            **CA**      **94139**

Date or dates debt was incurred   **10/20/2017**

Last 4 digits of account number   __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
_____

Is the claim subject to offset?
☑ No
☐ Yes

**$1,565.00**

---

**3.12**   Nonpriority creditor's name and mailing address

**Capitol Corporate Services Inc**

**PO Box 1831**

**Austin**                  **TX**      **78767**

Date or dates debt was incurred   **6/20/2017**

Last 4 digits of account number   __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
_____

Is the claim subject to offset?
☑ No
☐ Yes

**$668.00**

---

Debtor   **JRJR33, Inc.**                                       Case number (if known)   **18-32123-SGJ**

---

| **Part 2:** | **Additional Page** |
|---|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the
previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

---

**3.13**   Nonpriority creditor's name and mailing address

**Clifton Larson Allen**

**5001 Spring Valley Road**

_____

**Dallas**                        **TX**      **75244**

Date or dates debt was incurred        **8/30/2017**

Last 4 digits of account number        __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**

_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$71,000.00**

---

**3.14**   Nonpriority creditor's name and mailing address

**Coats Rose**

**9 Greenway Plaza, Ste. 1100**

**Houston, , TX 77046-3653**

_____

Date or dates debt was incurred        **8/8/2016**

Last 4 digits of account number        __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**

_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$6,959.29**

---

**3.15**   Nonpriority creditor's name and mailing address

**Computershare Inc.**

**c/o Accounts Payable 250 Royall St.**

_____

**Canton**                        **MA**      **02021**

Date or dates debt was incurred        **1/10/2017**

Last 4 digits of account number        __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**

_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$11,364.93**

---

**3.16**   Nonpriority creditor's name and mailing address

**Computershare Inc.**

**c/o Accounts Payable 250 Royall St.**

_____

**Canton**                        **MA**      **02021**

Date or dates debt was incurred        **1/10/2017**

Last 4 digits of account number        __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**

_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$11,364.93**

---

Debtor    **JRJR33, Inc.** _____  Case number (if known) **18-32123-SGJ** _____

| Part 2: | Additional Page |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

---

**3.17** Nonpriority creditor's name and mailing address

**CT Lien Solutions**

**P.O. Box 301133**

**Dallas,, TX 75303**

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:

Date or dates debt was incurred    **11/23/2015**

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$5,534.34**

---

**3.18** Nonpriority creditor's name and mailing address

**Daniel Norman**

**2950 N. Harwood Ste. 2200**

**Dallas                    TX        75201**

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:

Date or dates debt was incurred    **6/30/2018**

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$124.92**

---

**3.19** Nonpriority creditor's name and mailing address

**Data Bank**

**PO Box 732200**

**Dallas                    TX        75373-2200**

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:

Date or dates debt was incurred    **1/1/2017**

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$60.14**

---

**3.20** Nonpriority creditor's name and mailing address

**Dell Financial Services**

**Payment Processing Center, PO Box 5292**

**Carol Stream              IL        60197-5292**

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:

Date or dates debt was incurred    **12/28/2017**

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$5,083.19**

---

| Debtor | **JRJR33, Inc.** | Case number (if known) | **18-32123-SGJ** |
|---|---|---|---|

| **Part 2:** | **Additional Page** |
|---|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

**3.21** Nonpriority creditor's name and mailing address

**Deloitte Tax LLP**

**PO Box 844736**

**Dallas, , TX 75284-4736**

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

$56,829.47

Date or dates debt was incurred  **8/22/2014**

Last 4 digits of account number  ___ ___ ___ ___

Is the claim subject to offset?
☑ No
☐ Yes

---

**3.22** Nonpriority creditor's name and mailing address

**Digital Discovery**

**8131 LBJ Freeway, Suite 325**

**Dallas,, TX 75251**

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

$1,845.63

Date or dates debt was incurred  **8/31/2016**

Last 4 digits of account number  ___ ___ ___ ___

Is the claim subject to offset?
☑ No
☐ Yes

---

**3.23** Nonpriority creditor's name and mailing address

**Feltl and Company**

**800 LaSalle Avenue #2100**

**Minneapolis, , MN 55402**

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

$75,000.00

Date or dates debt was incurred  **9/1/2015**

Last 4 digits of account number  ___ ___ ___ ___

Is the claim subject to offset?
☑ No
☐ Yes

---

**3.24** Nonpriority creditor's name and mailing address

**Fibernet**

**1155 South 800 East**

**Orem**          **UT    84097**

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

$5,365.48

Date or dates debt was incurred  **12/31/2017**

Last 4 digits of account number  ___ ___ ___ ___

Is the claim subject to offset?
☑ No
☐ Yes

---

Debtor **JRJR33, Inc.** Case number (if known) **18-32123-SGJ**

---

| Part 2: | Additional Page |
| --- | --- |

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

---

**3.25** Nonpriority creditor's name and mailing address

**First Insurance Funding Group**

**PO Box 7000**

**Carol Stream** IL **60197-7000**

Date or dates debt was incurred **4/27/2018**

Last 4 digits of account number ___ ___ ___ ___

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:

Is the claim subject to offset?
- ☑ No
- ☐ Yes

$23,837.09

---

**3.26** Nonpriority creditor's name and mailing address

**Fish & Richardson**

**1 Marina Park Drive**

**Boston, MA 2210**

Date or dates debt was incurred **5/15/2017**

Last 4 digits of account number ___ ___ ___ ___

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:

Is the claim subject to offset?
- ☑ No
- ☐ Yes

$145,000.00

---

**3.27** Nonpriority creditor's name and mailing address

**Foley Lardner LLP**

**2021 McKinney Avenue**

**Dallas** TX **75201**

Date or dates debt was incurred **6/22/2018**

Last 4 digits of account number ___ ___ ___ ___

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:

Is the claim subject to offset?
- ☑ No
- ☐ Yes

$133,292.65

---

**3.28** Nonpriority creditor's name and mailing address

**Gardere Wynne Sewell LLP**

**P.O. Box 660256**

**Dallas, , TX 75266**

Date or dates debt was incurred **1/1/2018**

Last 4 digits of account number ___ ___ ___ ___

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:

Is the claim subject to offset?
- ☑ No
- ☐ Yes

$29,616.51

---

| Debtor | **JRJR33, Inc.** | Case number (if known) | **18-32123-SGJ** |
| --- | --- | --- | --- |

---

**Part 2:**  **Additional Page**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

---

**3.29** **Nonpriority creditor's name and mailing address**

**GlobalOne Filings, Inc.**

**3451 Via Montebello, Unit 192-410**

**Carlsbad**                          **CA**      **92009-8492**

Date or dates debt was incurred      **12/28/2018**

Last 4 digits of account number      __ __ __ __

As of the petition filing date, the claim is:
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:
_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$3,275.00**

---

**3.30** **Nonpriority creditor's name and mailing address**

**Gracin Marlow**

**405 Lexingon Avenue, 26th Floor**

**NY**                          **NY**      **10174**

Date or dates debt was incurred      **5/1/2018**

Last 4 digits of account number      __ __ __ __

As of the petition filing date, the claim is:
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:
_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$75,000.00**

---

**3.31** **Nonpriority creditor's name and mailing address**

**Granite Telecommunications**

**PO BOX 983119**

**Boston, MA 2109**

Date or dates debt was incurred      **3/1/2018**

Last 4 digits of account number      __ __ __ __

As of the petition filing date, the claim is:
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:
_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$29,900.98**

---

**3.32** **Nonpriority creditor's name and mailing address**

**Grant Thornton**

**33570 Treasury Center**

**Chicago, , IL 60694-3500**

Date or dates debt was incurred      **10/24/2014**

Last 4 digits of account number      __ __ __ __

As of the petition filing date, the claim is:
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:
_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$72,000.00**

---

| Debtor | **JRJR33, Inc.** | Case number (if known) | **18-32123-SGJ** |
| --- | --- | --- | --- |

---

## Part 2: Additional Page

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

**3.33** Nonpriority creditor's name and mailing address

**Harwood International**

**2501 N. Harwood St, 14th floor**

**Dallas**      **TX**    **75201**

Date or dates debt was incurred    **6/28/2018**

Last 4 digits of account number   __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

Is the claim subject to offset?
☑ No
☐ Yes

**$101,351.00**

---

**3.34** Nonpriority creditor's name and mailing address

**Holmes Murphy**

**12712 Park Central #100**

**Dallas**      **TX**    **75252**

Date or dates debt was incurred    **5/1/2018**

Last 4 digits of account number   __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

Is the claim subject to offset?
☑ No
☐ Yes

**$80,000.00**

---

**3.35** Nonpriority creditor's name and mailing address

**Insight Global**

**4170 Ashford Dunwoody Road, Suite 250**

**Atlanta**      **GA**    **30319**

Date or dates debt was incurred    **4/1/2016**

Last 4 digits of account number   __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

Is the claim subject to offset?
☑ No
☐ Yes

**$525.60**

---

**3.36** Nonpriority creditor's name and mailing address

**John P Rochon**

**2950 N. Harwood Ste. 2200**

**Dallas**      **TX**    **75201**

Date or dates debt was incurred    **4/9/2016**

Last 4 digits of account number   __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:

Is the claim subject to offset?
☑ No
☐ Yes

**$1,000,000.00**

---

| Debtor | **JRJR33, Inc.** | Case number (if known) | **18-32123-SGJ** |
|---|---|---|---|

---

**Part 2:**   **Additional Page**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

---

| **3.37** | **Nonpriority creditor's name and mailing address** |
|---|---|

**John R. Ames, Dallas County Tax**

**PO Box 139066**

**Dallas**                    **TX**    **75313**

Date or dates debt was incurred    **6/8/2018**

Last 4 digits of account number    __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No
☐ Yes

$10,424.73

---

| **3.38** | **Nonpriority creditor's name and mailing address** |
|---|---|

**John R. Ames, Dallas County Tax**

**PO Box 139066**

**Dallas**                    **TX**    **75313**

Date or dates debt was incurred    **6/8/2018**

Last 4 digits of account number    __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No
☐ Yes

$2,268.91

---

| **3.39** | **Nonpriority creditor's name and mailing address** |
|---|---|

**Kelley Drye & Warren LLP**

**Treasurer's Department, 101 Park Ave**

**New York**                    **NY**    **10178**

Date or dates debt was incurred    **12/13/2017**

Last 4 digits of account number    __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No
☐ Yes

$660.00

---

| **3.40** | **Nonpriority creditor's name and mailing address** |
|---|---|

**Lenovo (United States) Inc.**

**P.O. Box 643055**

**Pittsburgh**                    **PA**    **15264-3055**

Date or dates debt was incurred    **5/10/2018**

Last 4 digits of account number    __ __ __ __

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**
☑ No
☐ Yes

$299.24

---

Debtor    **JRJR33, Inc.**        Case number (if known)   **18-32123-SGJ**

## Part 2:    Additional Page

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

| | |
|---|---|
| **3.41** Nonpriority creditor's name and mailing address | **As of the petition filing date, the claim is:** *Check all that apply.* |

**Level 3 Communications**

**PO Box 910182**

**Denver, , CO 80291-0182**

☐ Contingent
☐ Unliquidated
☐ Disputed

$10,483.27

**Basis for the claim:**

Date or dates debt was incurred    **4/1/2016**

Last 4 digits of account number   __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

---

**3.42** Nonpriority creditor's name and mailing address

**Madigan, Dahl, & Harlan, PA**

**Campbell Mithun Tower, 222 S 9th St #315**

**Minneapolis, , MN 55402**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$4,500.19

Date or dates debt was incurred    **1/31/2018**

Last 4 digits of account number   __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

---

**3.43** Nonpriority creditor's name and mailing address

**Marc Mazzeri**

**2950 N Harwood St Ste 2200**

**Dallas**      **TX**    **75201**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$2,219.46

Date or dates debt was incurred    **8/4/2017**

Last 4 digits of account number   __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

---

**3.44** Nonpriority creditor's name and mailing address

**Metropolitan Life Insurance**

**PO Box 804466**

**Kansas City, , MO 84180-4466**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$2,494.77

Date or dates debt was incurred    **9/1/2015**

Last 4 digits of account number   __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

Debtor    **JRJR33, Inc.** _____    Case number (if known)  **18-32123-SGJ**

---

**Part 2:     Additional Page**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the    **Amount of claim**
previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

| | | |
|---|---|---|
| **3.45** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$82,000.00** |

**3.45**  Nonpriority creditor's name and mailing address

**MHM & CBIZ**

**10616 Scripps Summit Court**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**San Diego                    CA     92131**

Basis for the claim:
_____

Date or dates debt was incurred    **7/25/2017**

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☑ No
☐ Yes

**Amount of claim  $82,000.00**

---

**3.46**  Nonpriority creditor's name and mailing address

**Montgomery Coscia Greilich LLP**

**2500 Dallas Parkway, Suite 300**

**Plano,, TX 75093**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
_____

Date or dates debt was incurred    **10/27/2016**

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☑ No
☐ Yes

**$26,490.05**

---

**3.47**  Nonpriority creditor's name and mailing address

**NFS Leasing**

**One Post Office Square**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
_____

**Boston                    MA     02109**

Date or dates debt was incurred    **4/1/2018**

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☑ No
☐ Yes

**$32,196.48**

---

**3.48**  Nonpriority creditor's name and mailing address

**NYSE American**

**Intercontinental Exchange**

**5660 Northside Dr. NW**

**3rd Floor**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
_____

**Atlanta                    GA     10005**

Date or dates debt was incurred    **1/3/2018**

Last 4 digits of account number    __ __ __ __

Is the claim subject to offset?
☑ No
☐ Yes

**$148,500.00**

---

Debtor __JRJR33, Inc._____ Case number (if known) __18-32123-SGJ__

| **Part 2:** | **Additional Page** |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

**3.49** Nonpriority creditor's name and mailing address

__Ogletree Deakins Nash Smoak & Stewart__

__50 International Drive, Suite 200__

__Greenvile__      __SC__    __29615__

Date or dates debt was incurred __4/13/2017__

Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: _____

Is the claim subject to offset?
- [x] No
- [ ] Yes

**$3,000.00**

---

**3.50** Nonpriority creditor's name and mailing address

__One America__

__PO Box 772926__

__Chicago__      __IL__    __60677-2926__

Date or dates debt was incurred __11/15/2017__

Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: _____

Is the claim subject to offset?
- [x] No
- [ ] Yes

**$354.94**

---

**3.51** Nonpriority creditor's name and mailing address

__PR Newswire__

__602 Plaza Three, Harborside Financial Ce__

__Jersey City__      __NY__    __07311-3801__

Date or dates debt was incurred __9/14/2016__

Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: _____

Is the claim subject to offset?
- [x] No
- [ ] Yes

**$15,475.50**

---

**3.52** Nonpriority creditor's name and mailing address

__Rachel Longaberger Stukey__

__c/o Michael Stavnicky__

__3333 Richmond Rd #370__

__Beachwood__      __OH__    __44122__

Date or dates debt was incurred __12/11/2017__

Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

Basis for the claim: _____

Is the claim subject to offset?
- [x] No
- [ ] Yes

**$2,749,729.00**

---

Debtor __JRJR33, Inc.__        Case number (if known) __18-32123-SGJ__

---

| **Part 2:** | **Additional Page** |
|---|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the
previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

                                                                                Amount of claim

**3.53**   Nonpriority creditor's name and mailing address      As of the petition filing date, the claim is:            **$49,000.00**
*Check all that apply.*

__Randstand NA, Inc., d/b/a Tatum Staffing__

__c/o Craig Luffy, 9330 LBJ Fwy, Ste 810__      ☐ Contingent
     ☐ Unliquidated
     ☐ Disputed

Basis for the claim:

__Dallas__          __TX__    __75243__

Date or dates debt was incurred    __3/31/2018__      Is the claim subject to offset?
     ☑ No
Last 4 digits of account number    __ __ __ __      ☐ Yes

---

**3.54**   Nonpriority creditor's name and mailing address      As of the petition filing date, the claim is:            **$25,400.00**
*Check all that apply.*

__REAL BUSINESS VANTAGE LLC__

__1809 SUMAC DRIVE__      ☐ Contingent
     ☐ Unliquidated
     ☐ Disputed

Basis for the claim:

__FLOWER MOUND__          __TX__    __75028__

Date or dates debt was incurred    __3/25/2018__      Is the claim subject to offset?
     ☑ No
Last 4 digits of account number    __ __ __ __      ☐ Yes

---

**3.55**   Nonpriority creditor's name and mailing address      As of the petition filing date, the claim is:            **$19,049.76**
*Check all that apply.*

__Richmont Holdings Inc__

__2950 N. Harwood Ste. 2200__      ☐ Contingent
     ☐ Unliquidated
     ☐ Disputed

Basis for the claim:

__Dallas__          __TX__    __75201__

Date or dates debt was incurred    __4/21/2017__      Is the claim subject to offset?
     ☑ No
Last 4 digits of account number    __ __ __ __      ☐ Yes

---

**3.56**   Nonpriority creditor's name and mailing address      As of the petition filing date, the claim is:            **$111.04**
*Check all that apply.*

__Robert Half Finance & Accounting__

__c.o Craig Luffy 9330 LBJ Freeway, Suite__      ☐ Contingent
     ☐ Unliquidated
     ☐ Disputed

Basis for the claim:

__Dallas__          __TX__    __75243__

Date or dates debt was incurred    __12/1/2017__      Is the claim subject to offset?
     ☑ No
Last 4 digits of account number    __ __ __ __      ☐ Yes

---

Debtor    **JRJR33, Inc.**      Case number (if known)   **18-32123-SGJ**

| Part 2: | Additional Page |
|---------|-----------------|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

---

**3.57**   Nonpriority creditor's name and mailing address

**RSM US LLP**

**One South Wacker Drive Suite 800**

**Chicago**     IL    60606

Date or dates debt was incurred    **4/17/2017**

Last 4 digits of account number   __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:
_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$92,000.00**

---

**3.58**   Nonpriority creditor's name and mailing address

**SEC**

**801 Cherry Street**

**Suite 1900, Unit 18**

**Fort Worth**     TX    76102

Date or dates debt was incurred _____

Last 4 digits of account number   __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:
**Notice Only**

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$0.00**

---

**3.59**   Nonpriority creditor's name and mailing address

**Source Direct**

**2033 Chenault Drive, Suite 130**

**Carrollton**     TX    75006

Date or dates debt was incurred    **11/11/2015**

Last 4 digits of account number   __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:
_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$1,980.96**

---

**3.60**   Nonpriority creditor's name and mailing address

**Tamala Longaberger**

**c/o Steven Tigges**

**41 S. High Street, Suite 3500**

**Columbus**     OH    43215

Date or dates debt was incurred    **4/27/2018**

Last 4 digits of account number   __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:
_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$2,092,629.00**

---

| Debtor | **JRJR33, Inc.** | Case number (if known) | **18-32123-SGJ** |
|---|---|---|---|

---

### Part 2: Additional Page

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

| **3.61** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$1,322.38** |
|---|---|---|---|

**Thomson Reuters Inc**

**PO Box 71687**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

| **Chicago** | IL | **60694-1687** |
|---|---|---|

Date or dates debt was incurred    **5/1/2016**

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number   __ __ __ __

---

| **3.62** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$2,000.00** |
|---|---|---|---|

**TokenEx**

**P.O. Box 268947**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

| **Oklahoma City** | OK | **73126-8947** |
|---|---|---|

Date or dates debt was incurred    **2/1/2018**

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number   __ __ __ __

---

| **3.63** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$100,000.00** |
|---|---|---|---|

**TVT Capital LLC**

**30 Wall St., Suit 801**

**NY, NY 1005**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

Date or dates debt was incurred    **1/29/2018**

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number   __ __ __ __

---

| **3.64** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$1,440.66** |
|---|---|---|---|

**United Healthcare Inc**

**PO Box 1459**

**Minneapolis, , MN 55440-1459**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

Date or dates debt was incurred    **3/1/2017**

Is the claim subject to offset?
☑ No
☐ Yes

Last 4 digits of account number   __ __ __ __

---

| Debtor | **JRJR33, Inc.** | Case number (if known) | **18-32123-SGJ** |
|---|---|---|---|

## Part 2:  Additional Page

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the
previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

Amount of claim

| 3.65 | **Nonpriority creditor's name and mailing address** |
|---|---|

**Valtegrity LLP**

**130 N Garland Ct, Unit 3704**

| **Chicago** | **IL** | **60602** |
|---|---|---|

Date or dates debt was incurred  **2/16/2017**

Last 4 digits of account number  ___  ___  ___  ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$11,988.00**

---

| 3.66 | **Nonpriority creditor's name and mailing address** |
|---|---|

**Virginia Justice**

**2950 N. Harwood Ste. 2200**

| **Dallas** | **TX** | **75201** |
|---|---|---|

Date or dates debt was incurred  **6/30/2018**

Last 4 digits of account number  ___  ___  ___  ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$39,950.00**

---

| 3.67 | **Nonpriority creditor's name and mailing address** |
|---|---|

**West IP**

**401 South Fourth Street**

| **Louisville** | **KY** | **40202** |
|---|---|---|

Date or dates debt was incurred  **5/30/2018**

Last 4 digits of account number  ___  ___  ___  ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$85,500.00**

---

| 3.68 | **Nonpriority creditor's name and mailing address** |
|---|---|

**Whitley Penn**

**8343 Douglas Avenue #400**

| **Dallas** | **TX** | **75225** |
|---|---|---|

Date or dates debt was incurred  **3/21/2018**

Last 4 digits of account number  ___  ___  ___  ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
_____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

**$100,000.00**

Debtor __JRJR33, Inc.__          Case number (if known) __18-32123-SGJ__

## Part 2:    Additional Page

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.**

         Amount of claim

| 3.69 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $76,750.00 |

__Workiva__

__2900 University Blvd.__

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

__Ames__      IA    __50010__      _____

**Date or dates debt was incurred** __12/1/2017__

**Is the claim subject to offset?**

**Last 4 digits of account number** __ __ __ __

☑ No
☐ Yes

Debtor __JRJR33, Inc._____     Case number (if known) __18-32123-SGJ__

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4.  **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

4.1   **SEC**_____     Line _____     ___ ___ ___ ___

   **100 F. Street, NE**_____     ☑ Not listed. Explain:

   _____     **Notice Only**

   _____

   **Washington       DC      20549**___

Debtor __**JRJR33, Inc.**_____    Case number (if known) __**18-32123-SGJ**_____

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

**5.** **Add the amounts of priority and nonpriority unsecured claims.**

**Total of claim amounts**

5a.  **Total claims from Part 1**                       5a. _____ **$0.00**

5b.  **Total claims from Part 2**                       5b. **+** _____ **$7,995,014.38**

5c.  **Total of Parts 1 and 2**                         5c. _____ **$7,995,014.38**
     Lines 5a + 5b = 5c.

**Fill in this information to identify the case:**

Debtor name **JRJR33, Inc.**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number **18-32123-SGJ**      Chapter **11**
(if known)

☐ Check if this is an
   amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases**

   State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | Warehouse Lease | **3151 Skylane Partners** |
| | | | **PO Box 2189** |
| | State the term remaining | 1 payment(s) | |
| | List the contract number of any government contract | | **Addison         TX      75001** |

| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | Office Space Contract to be ASSIGNED | **Harwood International** |
| | | | **2501 N. Harwood St, 14th floor** |
| | State the term remaining | 135 months starting July 1, 20 | |
| | List the contract number of any government contract | | **Dallas         TX      75201** |

**Fill in this information to identify the case:**

Debtor name **JRJR33, Inc.**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number **18-32123-SGJ**
(if known)

☐ Check if this is an
amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries
consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the**
   **schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is
   owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor
   separately in Column 2.

| Column 1:  **Codebtor** | | Column 2:  **Creditor** | |
|---|---|---|---|
| Name | Mailing address | Name | *Check all schedules that apply:* |

**Fill in this information to identify the case:**

Debtor Name **JRJR33, Inc.**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known): **18-32123-SGJ**

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1: Summary of Assets

1. *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from Schedule A/B..................................................................... | $0.00

   1b. **Total personal property:**
   Copy line 91A from Schedule A/B................................................................... | $101,021,604.00

   1c. **Total of all property:**
   Copy line 92 from Schedule A/B..................................................................... | $101,021,604.00

## Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D........................ | $13,864,989.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of Schedule E/F.................................................... | $0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F................................. | + $7,995,014.38

4. **Total liabilities**
   Lines 2 + 3a + 3b............................................................................................... | $21,860,003.38

**Fill in this information to identify the case and this filing:**

Debtor Name **JRJR33, Inc.**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number **18-32123-SGJ**
(if known)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206-Summary)

☐ Amended Schedule _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **07/25/2018**  X **/s/ John P. Rochon**
     MM / DD / YYYY       Signature of individual signing on behalf of debtor

                        **John P. Rochon**
                        Printed name

                        **Chariman**
                        Position or relationship to debtor

STRICTLY CONFIDENTIAL



EXHIBIT "A"



CVSL AG
Switzerland
Own: 100%
Trillium Pond AG
Switzerland
Own: 100%
My Secret Kitchen Ltd.
UK
Own: 90%
Your Inspiration at Home Direct Sales ULC
Canada
Own: 100%
Europe
TOV Agel Enterprises Ukraine LLC
Ukraine
Own: 100%
Agel Enterprises (Netherlands), B.V.
The Netherlands
Own: 100%
Agel Enterprises RS LLC
Russia
Own: 99% JRJR AG; 1% Agel Denmark
Your Inspiration at Home Pty Ltd.
Australia
Own: 100%
Kleeneze Ltd.
United Kingdom
Own: 100%
Stanley House Distribution Ltd.
United Kingdom
Own: 100%
Agel Enterprises Denmark ApS
Denmark
Own: 100%
Agel Italy SRL
Italy
Own: 100%
Agek Enterprises (Netherlands) B.V. - Lucerne Branch
Switzerland
Branch
Your Inspiration at Home NZ Limited
New Zealand
Own: 100%
Kleeneze Ireland Ltd.
Ireland
Own: 100%
Betterware Ltd.
United Kingdom
Own: 100%

FILED
DALLAS COUNTY
9/22/2016 4:15:59 PM
FELICIA PITRE
DISTRICT CLERK

DC-16-12594

CAUSE NO. _____

Freeney Anita

| | | |
|---|---|---|
| JRJR33, INC., d/b/a JRJR NETWORKS | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| TAMALA L. LONGABERGER, | § | |
| INDIVIDUALLY, AND AS TRUSTEE | § | |
| UNDER THE TAMALA L. | § | |
| LONGABERGER REVOCABLE TRUST | § | J-191ST |
| Defendants. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF JRJR33, INC., D/B/A JRJR NETWORKS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JRJR33, INC. d/b/a JRJ NETWORKS, Plaintiff in the above-styled and numbered cause files this Original Petition, and in support thereof would show as follows:

### I.     PARTIES

1.      JRJR33, Inc., (f/k/a CVSL, Inc. f/k/a Computer Vision Systems Laboratories, Corp.) d/b/a JRJR Networks ("**JRJR**" and/or "**Plaintiff**") is a Florida corporation with its principal place of business located in Dallas, Texas.

2.      Tamala L. Longaberger ("**T. Longaberger**"), is an individual currently residing in New York. T. Longaberger purposefully availed herself of the jurisdiction of the State of Texas when she contractually agreed to submit to the jurisdiction of courts within Dallas County, Texas. Although T. Longaberger does not maintain a regular place of business in Texas or have a designated agent for service of process in Texas, this lawsuit arises out of business done by T. Longaberger in the State of Texas. Accordingly, the Texas Secretary of State is the proper agent for service of process on T. Longaberger. TEX. CIV. PRAC. & REM. CODE § 17.044(b). The Texas Secretary of State may serve T. Longaberger by sending the citation and Original Petition to T. Longaberger via registered mail, return receipt requested, to her attorney Steven W. Tigges, 41 South High Street, Suite 3500, Columbus, Ohio 43215.

EXHIBIT "B"

3. The Tamala L. Longaberger Revocable Trust (the "**Trust**"), is a trust, as evidenced by that certain Trust Agreement dated July 7, 1998, and amended January 11, 2010. The Trust purposefully availed itself of the jurisdiction of the State of Texas when it contractually agreed to submit to the jurisdiction of courts within Dallas County, Texas. Although the Trust does not maintain a regular place of business in Texas or have a designated agent for service of process in Texas, this lawsuit arises out of business done by the Trust in the State of Texas. Accordingly, the Texas Secretary of State is the proper agent for service of process on the Trust. TEX. CIV. PRAC. & REM. CODE § 17.044(b). The Texas Secretary of State may serve the Trust through its trustee, T. Longaberger, by sending the citation and Original Petition to T. Longaberger via registered mail, return receipt requested, to her attorney Steven W. Tigges, 41 South High Street, Suite 3500, Columbus, Ohio 43215.

## II. DISCOVERY CONTROL PLAN

4. This case is brought under a Level II Discovery Plan pursuant to the Texas Rules of Civil Procedure.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of the case because the amount in controversy is within this Court's jurisdictional requirements.

6. Venue is proper in this Court pursuant to §15.020 as the parties contractually agreed that venue would be in Dallas County, Texas.

## IV. BRIEF STATEMENT OF FACTS

**A. The Purchase Agreement**

7. On March 15, 2013, JRJR, in the name of Computer Vision Systems Laboratories, Corp.), entered into a Purchase Agreement (the "**Purchase Agreement**""), with The Longaberger Company, ("**TLC**"), TMRCL Holding Company, TMRCL Holding LLC, (collectively "**TLC**

2

**Subsidiaries**" and together with TLC, the "**TLC Companies**"), T. Longaberger, and the Trust. Attached hereto as Exhibit "A".

8.      Pursuant to the Purchase Agreement, JRJR acquired an aggregate 1,616 shares of TLC Class A Common Stock, representing 64.6% of the issued and outstanding shares of TLC Class A Common Stock, and 968 shares of TLC's Class B Common Stock, representing 38.7% of the issued and outstanding shares of TLC Class B Common Stock. The remaining shares of issued and outstanding TLC Class A Common Stock and TLC Class B Common Stock, which are the only authorized classes of capital stock of TLC, were held by The David W. Longaberger Revocable Trust, Restated 09/04/98 ("**D. Longaberger Trust**"), of which T. Longaberger is the trustee.

9.      The Purchase Agreement contained customary representations, warranties, and covenants of the parties. The Defendants represented and warranted to JRJR that all representations made in the Purchase Agreement by the Defendants were true and correct, except as provided by the Defendants in the disclosure schedules ("**Disclosure Statements**"). Attached hereto as "B".

10.      Pursuant to the Purchase Agreement, the Defendants provided a financial statement in the Disclosure Statements detailing the assets and liabilities of the TLC Companies (the "**Financial Statement**"), which Defendants represented was true, correct, and complete. (Exhibit "A" at §3.5). The Defendants represented that there were no undisclosed liabilities in the Purchase Agreement except as provided in the Disclosure Statements.

> Except as set forth in Schedule 3.6, the Financial Statements reflect all debts, liabilities, obligations or commitments of any nature whatsoever, asserted or unasserted, known or unknown, absolute or contingent, accrued or unaccrued, matured or unmatured of the TLC Companies. All reserves shown or incorporated in the Financial Statements are reasonable to provide for losses thereby contemplated. Except as set forth in the Financial Statements, neither the [b]usiness nor the [a]ssets [of the TLC Companies] are liable upon or with respect to, subject to or obligated in any other way to provide funds in respect of or to guarantee or

3

assume in any manner, any debt, liability or obligation of any other Person and there is no basis for the assertion of any such claim or liability.

(Exhibit "A" at §§ 3.5 and 3.6).

11. Additionally, the Purchase Agreement set forth the following representations concerning the assets and liabilities of the TLC Companies:

- There are no liens encumbering any of the TLC Companies' assets with respect to taxes. (Exhibit "A" at §3.9(b))

- TLC has good and marketable title to all real property owned by TLC, free and clear of all Liens. (Exhibit "A" at §3.14(b))

- Except as set forth on Schedule 3.17(a), TLC is not a party or subject to, or its Assets bound by any

  o Contract with any domestic or foreign governmental or regulatory authority, agency, commission, body, court or other legislative, executive or judicial governmental entity "Governmental Entity". (Exhibit "A" at §3.17(x));

  o Note, debenture, bond, equipment trust, letter of credit, loan or other contract for any obligations evidenced by bonds, debentures, notes or other similar instruments. (Exhibit "A" at §§3.17 and 1.1 (defining "Indebtedness").

  o Contract that is otherwise material to the TLC Companies that is not disclosed pursuant to Section 3.17. (Exhibit "A" at §3.17 (xviii)).

- No representation or warranty by the Defendants in the Purchase Agreement, or statement made by the Defendants in the Disclosure Statements, or other documents provided to JRJR contained any untrue statement of a material fact or omitted a material fact that would render any statement therein misleading. Except as specifically set forth in the Purchase Agreement or Disclosure Statements, there were no facts or circumstances known by Defendants which would cause a material adverse effect on the assets, liabilities, business, operations, prospects, or condition (financial or otherwise) of TLC ("**Material Adverse Effect**"). (Exhibit "A" at §3.36(a)).

- All information the Defendants provided to JRJR was true, accurate and not misleading in all material respects, and there was no fact or matter which would make such information untrue, inaccurate or misleading in any material respect or the disclosure of which might reasonably be expected to materially adversely affect the willingness of JRJR to purchase TLC's shares. (Exhibit "A" at §3.36(b)).

4

12. Importantly, the Purchase Agreement specifically stated that no independent investigation by JRJR would in any way reduce or affect Defendants' obligations and liabilities with respect to the representations, warranties, covenants, and agreements made by the Defendants in the Purchase Agreement, Disclosure Statements or other ancillary document related thereto. (Exhibit "A" at §3.36(c)).

13. In addition to Defendants' representations, warranties, and covenants, the Defendants agreed to indemnify, jointly and severally, JRJR and its affiliates against certain losses relating to their breaches of the Purchase Agreement, certain fees and expenses, and certain post-closing liabilities of the TLC Companies pursuant to the terms of the Purchase Agreement. Specifically, the Defendants agreed to indemnify JRJR for any claim against, or any liabilities of, TLC arising or existing prior to closing. (Exhibit "A" at §9.2(d)). To the extent caused by any breach, default, or action occurring prior to closing, the Defendants agreed to indemnify JRJR for any liabilities of TLC arising after closing. (Exhibit "A" at §9.2(d)).

14. Closing on the transaction occurred on March 15, 2013. As a condition to closing, the Defendants made the following representations:

- None of the representations, warranties and statements made by the Defendants in the Disclosure Statements or other document provided to JRJR in connection with "the negotiation, execution or performance of [the Purchase] Agreement or conduct of due diligence, contains any untrue statement of a material fact or omits or will omit to state a material fact required to be stated herein or therein or necessary to make any statement herein or therein not misleading as of the Closing Date. Except as specifically set forth in [the Purchase] Agreement or the [Disclosure Statements], there are no facts or circumstances which could be expected to have, individually or in the aggregate, a Material Adverse Effect." (Exhibit "A" at §7.1(c)).

- All information provided by the Defendants to JRJR were when given, true, accurate and not misleading in any material respects as of the date of the Closing Date and there was no fact or matter which would make any such information untrue, inaccurate or misleading in any material respect or the disclosure of which might reasonably be expected to materially adversely affect the willingness of JRJR to proceed with purchasing TLC's shares. (Exhibit "A" at §7.1(b)).

510699.000005\4819-2621-9321.v1

**B.    Undisclosed Liabilities**

15.    On or about March 8, 2016, JRJR was informed that TLC had executed two agreements with City of Newark, Ohio (the "**City**") which were not disclosed by Defendants.

16.    On May 1, 1996, TLC executed a Tax Increment Financing Agreement with the City (the "**TIF Agreement**"). Attached hereto as Exhibit "C". On April 1, 2007, TLC and the City executed a subsequent agreement related to TLC's outstanding debt owed to the City as a result of the TIF Agreement in the amount of $2,645,000.00 ("**Newark Agreement**"). Attached hereto as Exhibit "D". The Newark Agreement specified that TLC was required to make certain installment payments of principal and interest until December 1, 2028, resulting in the total amount owed of $4,110,307.65 ("**TIF Liability**").

17.    To secure TLC's obligation under the Newark Agreement, the City placed a lien on TLC's property described in the TIF Agreement and Newark Agreement. See Exhibit "C" and Exhibit "D".

18.    Neither the Purchase Agreement nor the Disclosure Statements disclosed the TIF Agreement, the Newark Agreement, Defendant's TIF Liability, or the lien on TLC's property. To date, a balance of **$577,660.05** is presently owed to the City.

## V.    CAUSES OF ACTION

**A.    Breach of Contract**

19.    JRJR performed its obligations under the Purchase Agreement by paying the agreed contract price for TLC's shares and by performing all other actions required of it. Defendants' breached the Purchase Agreement by failing to accurately and completely disclose all of its liabilities and obligations to JRJR as required under the Purchase Agreement. Additionally, Defendants breached the Purchase Agreement by breaching various representations and warranties made in the Purchasing Agreement. As a direct and proximate result of such breaches, JRJR has suffered and continues to suffer damages, for which it now sues.

6

**B.     Fraud**

20.     Plaintiff re-alleges and incorporates the preceding paragraphs as though fully and completely set forth herein.

21.     Defendants made representations to Plaintiff.  The representations were material.  The representations were false.  When Defendants made these representations, they knew the representations were false or made the representations recklessly, as a positive assertion, and without knowledge of their truth.  Defendants made the representations with the intent that Plaintiff act on them.  Plaintiff relied on the representations.  The representations caused Plaintiff injury.  Defendants acted knowingly and intentionally, with malice or with reckless disregard for the rights of others, in committing fraud against Plaintiff.

**C.     Fraud by Nondisclosure**

22.     Plaintiff re-alleges and incorporates the preceding paragraphs as though fully and completely set forth herein.

23.     Defendants concealed from, or failed to disclose, certain facts to Plaintiff.  Defendants had a duty to disclose such facts to the Plaintiff.  The disclosed facts were material.  Defendant knew Plaintiff was ignorant of the facts and did not have an equal opportunity to discover the facts.  Defendants were deliberately silent when they had a duty to speak.  By failing to disclose the facts, Defendants intended to induce Plaintiff to enter into the Purchase Agreement and close on the transaction relating to purchasing TLC's shares.  Plaintiff relied on Defendants' nondisclosure.  The Plaintiff was injured as a result of acting without the knowledge of the undisclosed facts.  In committing fraud against Plaintiff, Defendants acted knowingly and intentionally, with malice or with reckless disregard for the rights of others.

**D.     Fraud by Misrepresentation**

24.     Plaintiff re-alleges and incorporates the preceding paragraphs as though fully and completely set forth herein.

25. Defendants made representations to Plaintiff including, among others, that all of the TLC liabilities were disclosed to Plaintiff in the Purchase Agreement and/or Disclosure Statements, that there were no liens on TLC Companies' property except as permitted in the Purchasing Agreement, that all contracts entered into by the TLC Companies were disclosed in the Disclosure Agreement, and that all information, representations, warranties, and statements given by the Defendants in relation to the Purchase agreement were true and correct.

26. Defendants made the representations knowing such were false, or made the representations recklessly, as a positive assertion, and without knowledge of their truth.

27. Defendants made the representations with the intent that Plaintiff act on them.

28. Plaintiff relied on the representations by, among other things, agreeing to execute the Purchase Agreement and buy TLC's shares.

29. Defendants' representations caused injury to Plaintiff as discussed above.

30. Defendants acted knowingly and intentionally, with malice or with reckless disregard for the rights of others, in committing fraud against Plaintiff.

E.    **Negligent Misrepresentation**

31. Plaintiff re-alleges and incorporates the preceding paragraphs as though fully and completely set forth herein.

32. Defendants made negligent misrepresentations to JRJR in the Purchase Agreement. These representations were given in the course of their business or in a transaction in which they had an interest. These representations were false and given for JRJR's guidance. Defendants failed to exercise reasonable care or competence in obtaining or communicating the information, and JRJR justifiably relied on the presentations. These misrepresentations proximately caused JRJR injury.

510699.000005\4819-2621-9321.v1

**F.      Breach of Warranty**

33.     Plaintiff re-alleges and incorporates the preceding paragraphs as though fully and completely set forth herein.

34.     Defendants sold assets to Plaintiff.  Defendants made various oral and/or written representations and warranties to Plaintiff about the quality and/or characteristics of such assets.  These representations and warranties became part of the basis of the bargain between Defendants and Plaintiff.  Defendant breached these representations and warranties.  Plaintiff notified Defendants of the breach.  Plaintiff suffered injury as a result of Defendants' breach.

## VI.      <u>CONDITIONS PRECEDENT</u>

35.     Plaintiff re-alleges and incorporates the preceding paragraphs as though fully and completely set forth herein.

36.     Any conditions precedent necessary to maintain this action have been performed or have occurred.

## VII.     <u>ATTORNEYS FEES</u>

37.     Plaintiff re-alleges and incorporates the preceding paragraphs as though fully and completely set forth herein.

38.     Plaintiff would further show that it was forced to turn the causes of action stated hereinabove over to the undersigned attorneys. Plaintiff is therefore entitled to recover its attorney's fees against the Defendants pursuant to Civil Practice and Remedies Code §§ 38.001 *et seq.*

39.     Plaintiff seeks recovery of such attorney's fees in a reasonable and necessary amount through trial hereof. In addition, Plaintiff prays for recovery of reasonable and necessary attorney's fees for all post trial work in this case.

## VIII. <u>DAMAGES</u>

40. As a direct and/or proximate cause of the conduct described in this petition, Plaintiff has suffered damages in a principal sum in excess of the minimum jurisdictional limits of this court.

41. Defendants' conduct was committed intentionally, knowingly, and with callous disregard of Plaintiff's legitimate rights. Plaintiff is entitled to recover exemplary damages in the amount not less than the maximum amount permitted by applicable law based on the allegation of actual damages above.

42. Additionally, Plaintiff seeks recovery of pre-judgment and post-judgment interest as permitted by the Texas Finance Code, Texas Property Code Chapter 28, and/or common law.

43. Pursuant to Rule 47(d) of The Texas Rules of Civil Procedure, Plaintiff also demands judgment for all other relief to which it may be justly entitled.

## IX. <u>REQUEST FOR DISCLOSURE</u>

44. Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) – (l).

## X. <u>JURY DEMAND</u>

45. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury.

## XI. <u>RULE 193.7 NOTICE</u>

46. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives Defendants actual notice that any and all documents produced by any party will be used at any pretrial proceeding and/or trial of this matter.

## XII. <u>CLAIM FOR RELIEF</u>

47. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.00.

510699.000005\4819-2621-9321.v1

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final trial that Plaintiff recover damages from Defendant, including costs of court, both pre-judgment and post-judgment interest at the maximum legal rate, and for further relief, both general and special, at law and inequity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**COATS | ROSE**

*/s/ Frank J. Wright*
Frank J. Wright
State Bar No. 22028800
fwright@coatsrose.com
14755 Preston Road, Suite 600
Dallas, Texas 75254
Telephone: (972) 788-1600
Facsimile: (972) 239-0138

Teia Moore Kelly
Texas Bar No. 24074752
tkelly@coatsrose.com
9 Greenway Plaza, Suite 1100
Houston, Texas 77046
(713) 651-0111 Telephone
(713) 651-0220 Facsimile

**ATTORNEYS FOR PLAINTIFF,
JRJR33, INC.**

11

FILED
DALLAS COUNTY
11/3/2017 4:56 PM
FELICIA PITRE
DISTRICT CLERK

Marcus Turner

Cause No. DCDC-17-15206

| | | |
|---|---|---|
| JRjr33, Inc. and Agel Enterprises, Inc., | | In The District Court |
| Plaintiffs, | | |
| v. | | Of Dallas County, Texas |
| Michael Bishop and Actitech, L.P. | | |
| Defendants. | | ____ Judicial District |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiffs JRjr33, Inc. ("**JRJR**" or the "**Company**") and Agel Enterprises, Inc. ("**Agel**" and collectively with JRJR "**Plaintiffs**"), file this Petition and Request for Disclosure against Defendants Michael Bishop ("**Bishop**") and Actitech, L.P. ("**Actitech**" collectively with Bishop "**Defendants**").

## EXECUTIVE SUMMARY

This case arose because Bishop, while a member of the Board of Directors of JRJR, breached his duty of loyalty to JRJR by deliberately and fraudulently inducing Agel—a major operating unit of JRJR and a wholly-owned subsidiary—to enter into a letter agreement with Actitech to extract over $5 million in fees to personally benefit Bishop to the detriment of JRJR (the "**Letter Agreement**"). While JRJR has not nominated Bishop for another term as a member of its Board of Directors, Bishop resigned from JRJR's Board of Directors on October 31, 2017.

## PROCEDURAL BACKGROUND

**1.** **Discovery Plan**

1.1 Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, *et seq.,* Plaintiffs hereby designate that discovery will be conducted under Level 3.

**2.** **Parties**

2.1 Plaintiff JRJR is a Florida Corporation with its principal place of business at 2950 North Harwood Street, 22nd Floor, Dallas, Texas 75201.

EXHIBIT "C"

2.2     Plaintiff Agel is a Delaware Corporation with its principal place of business at 2174 W Grove Pkwy., Pleasant Grove, UT 84062. Agel is wholly-owned by JRJR.

2.3     Defendant Bishop is an individual who resides at 9400 Rockbrook Drive, Dallas, Texas 75220. He has been served with process and has appeared in this matter.

2.4     Defendant Actitech L.P. is a Texas Limited Partnership with its principal place of business at 301 W. FM 1417, Sherman, Texas 75092. Bishop is the controlling shareholder of Actitech. Actitech may be served with process through its registered agent:

Michael Bishop
1410 Westway Circle
Carrollton, TX 75006

## 3.     Jurisdiction and Venue

3.1     This Court has jurisdiction over this case as the amount in controversy is within the jurisdictional limits of this Court. Pursuant to TEXAS RULE OF CIVIL PROCEDURE 47, Plaintiffs seek monetary relief over $1,000,000 and demand judgment for all other relief to which Plaintiffs are entitled.

3.2     The Letter Agreement that is the subject of this Lawsuit was entered into and performable in Dallas County, Texas. The acts Plaintiffs complain of occurred in Dallas, Texas, and continue to cause harm here. Actitech has registered to do business in Texas.

3.3     Venue is proper in Dallas County, Texas, because the events and transactions giving rise to the claims asserted herein arose in whole or in part in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE §15.002(1).

3.4     Venue is also proper because Defendant Bishop resided in Dallas County, Texas when the causes of action asserted in this petition accrued. TEX. CIV. PRAC. & REM. CODE §15.002(2).

# FACTUAL BACKGROUND

**4.     JRJR's Business.**

4.1     JRJR is a public company headquartered in Dallas, Texas. The Company is a global platform of multiple direct-to-consumer brands sold primarily by independent sales force members across many countries around the world. For the three months ended March 31, 2016 and March 31, 2015, respectively, approximately $28.2 million or 78.1% and $9.1 million or 45.9% of its revenues were generated in international markets. The Company has three reportable segments, each of which engages in business activities, incurring expenses and producing revenues, as follows:

- Gourmet Food - Segment consists of operations related to the production and sale of hand-crafted spices, oils and other food products from around the world. These operations have a presence in many of our markets both in the U.S. and internationally.

- Home Décor - Segment consists of operations related to the production and sale of premium hand-crafted baskets and the selling of products for the home, including pottery, cleaning, health, beauty, outdoor and customizable vinyl expressions for display. These operations are primarily located within the United States and the United Kingdom.

- Nutritional and Wellness - Segment consists of operations related to the selling of nutritional supplements and skin care products. These operations have a presence in many foreign markets and over 50 countries such as Italy, Russia, Spain, and Thailand. The subsidiary primarily involved in this type of products is Agel (hereinafter the "**Agel Segment**").

4.2     The Agel Segment utilized the production capabilities of Actitech, a 600,000 square foot manufacturing facility in Sherman, Texas, to produce products that are being sold globally. Agel paid Actitech for product purchased during 2015 and 2014 totaling approximately $1.4 million and $286,000, respectively.

**Plaintiffs' Original Petition**                                                    Page 3

5. **Bishop was a member of the Board of Director of JRJR who had a duty of loyalty to place the interests of JRJR above his own and act in a manner that was in the best interest of JRJR.**

5.1 Michael Bishop became a member of the Board of Director of JRJR on December 3, 2012. Since that time, he has been actively involved in managing JRJR's affairs, served on JRJR's Audit Committee, and, as part of that involvement, at one point exercised authority as Agel's Chairman and CEO. Since 2011, he has served as the President of Actiprime, a personal care and healthy lifestyle product development and marketing company, and President of Actitech, a full service third party manufacturer of items such as creams, hair products, OTC drugs, certified NOP Organic food and personal care products, energizing and relaxing drinks and owner of a decontamination process for herbs and other products.

5.2 During 2015, the compensation of non-employee members of the Board was $100,000 per year, of which $50,000 is typically paid in cash (unless a Board member requests a portion of the cash be paid in equity) and the remaining $50,000 is paid in equity. On February 19, 2016, the Board of the Company granted under the 2015 Stock Plan an aggregate of 940,702 shares of common stock to the members of the Board. The number of shares of common stock granted to each member of the Board represents 50% of the annual fees (other than Bishop, who elected to receive 100% of such fees in shares of common stock) previously earned for service as directors and is based on their term of service. Bishop was granted 304,268 shares.

6. **Bishop Extorted Millions in Personal Financial Benefit.**

6.1 Between March 20, 2014 and May 31, 2016, Agel purchased approximately $2 million in goods from Actitech.

6.2 As a Director at JRJR and with his direct involvement in the Agel Segment, Bishop had complete access to JRJR's financial statements as well as to the Agel financial information. From that information, Bishop knew that Actitech faced no reasonable prospect of non-payment – but also knew that

JRJR had no alternative source immediately available to manufacture the products Agel was selling.

6.3 Taking advantage of his position as a JRJR Director, Bishop and Actitech began threatening to withhold shipments ordered by the Agel Segment.

6.4 On or about May 31, 2016, Actitech sent the Letter Agreement to JRJR's Vice-Chairman (and fellow JRJR Director) John Rachon, Jr., wherein a floating credit limit was provided so that payments to Actitech would be based on Agel's cash flow, not on a timing or days since shipping product. (JRJR's SEC Form 8-K filed May 17, 2017, Ex. A).

6.5 While on one hand threatening in the Letter Agreement to further withhold product from JRJR's Agel subsidiary, Bishop on the other hand falsely claimed he was being "fair": "I am hopeful that this proposal is acceptable to Agel, as I believe it is fair and accomplishes a resolution to the ongoing payment issues that have led to where the parties currently stand." Because Agel was wholly dependent upon Bishop and Actitech, Agel executed the Letter Agreement based on Bishop's representations." (JRJR's SEC Form 8-K filed May 17, 2017, Ex. A.)

6.6 Under duress and with no alternative supplier available, JRJR's Vice-Chairman signed the Letter Agreement (acting on behalf of JRJR's wholly-owned subsidiary Agel). JRJR immediately began the painstaking process of searching for an alternative to Actitech.

6.7 Despite the Letter Agreement's execution, Actitech stopped producing and refused to ship Agel its goods altogether in July 2016.[1] In November and December 2016, Agel paid Actitech $125,000 and $50,000 for additional goods, respectively. However, Actitech simply pocketed the money and never shipped Agel any products for that purchase or any previous purchase.

---

[1] Actitech shipped one small purchase of goods in the amount of $8,176 in January 2017.

6.8    Actitech invoiced Agel for what Actitech claimed were "Service Costs Other" owed in excess of $5 million (the **Finance Charges**).[2]  Bishop, who had served on the Audit Committee of JRJR's Board of Directors and was involved in Agel's business, knew or should have known when he forced JRJR's Vice-Chairman to sign the Letter Agreement that the $5 million in Finance Charges was neither "fair" to JRJR nor financially sustainable in light of JRJR's financial condition.

6.9    JRJR's SEC Form 10-Q filed December 30, 2016, reported its Consolidated Statements of Operations for the nine months ended September 30, 2016, as follows:

| | |
|---|---|
| Revenue | $106,589 |
| Gross profit | 59,960 |
| Operating expenses | 75,418 |
| Gain on sale of marketable securities | (12) |
| Interest expense | 3,422 |
| Income (Loss) before income tax provision | (18,868) |

As of December 30, 2016, JRJR had not recognized any liability for the Finance Charges because it did not believe they were either legitimate or owed.

6.10   JRJR's SEC Form 10-Q filed December 30, 2016, reported segment operating financial data for the nine months ended September 30, 2016, which included operating profit and loss data for the Agel Segment as follows (in thousands):

| | |
|---|---|
| Revenue | $20,475 |
| Gross profit | 17,263 |
| Operating expenses | 16,934 |
| Interest expense | 34 |
| Income (Loss) before income tax provision | 295 |

---

[2] Agel's total purchases from Actitech to date equal just over $2.24 million.

**Plaintiffs' Original Petition**                                                   Page 6

6.11   Bishop and Actitech, however, insisted the Finance Charges be paid. Bishop knew from his service as a JRJR Director that the Finance Charges would materially impact JRJR's publicly filed financial results. Recognition of a contingent liability for an additional $5 million in operating expense clearly is material to JRJR's consolidated financial statements.

## 7.   Bishop Negotiates in Bad Faith Placing his Interests above JRJR's.

7.1   In light of the $5 million in Finance Charges, JRJR's directors discussed the dispute at the Special Meeting of the Audit Committee and a Regular Meeting of JRJR's Board of Directors on April 13, 2017.

7.2   With Bishop being a JRJR Director and actively involved in Agel's affairs, Bishop was bound by his fiduciary duties to advance the Company's interests and to place these interests above his own. However, during the meeting, he took the opposite approach. To resolve the dispute concerning the Letter Agreement, Bishop—while simultaneously serving in dual roles of JRJR director and Actitech President and owner—agreed to compromise Actitech's alleged $5 million in Finance Charges in exchange for 4 million shares of JRJR. He did so by extracting an agreement for Actitech to receive $4 million in common shares of JRJR stock.

7.3   Hoping to avoid negative financial consequences to JRJR, the members of JRJR's Board of Directors voted in favor of this compromise. Subsequently, Bishop reversed course and repudiated the proposed settlement, placing JRJR in an untenable financial position and forcing the recognition of a contingent liability of $5 million.

## CAUSES OF ACTION AND REQUESTS FOR RELIEF

## 8.   Cause of Action 1: Fraudulent Inducement brought by Agel

8.1   Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

8.2     Prior to the negotiation of the Letter Agreement, Bishop and Actitech with-
held shipments to Agel and made both oral and written statements of mate-
rial fact concerning, among other things, that the reason Actitech was
withholding shipments to Agel was because of concern that Agel would not
pay its outstanding invoices. Bishop and Actitech further made oral and
written statements of material fact that the terms of the Letter Agreement
were "fair" and "accomplishes a resolution to the ongoing payment issues that
have led to where the parties currently stand."

8.3     The facts demonstrate that these oral and written statements of material fact
were false when made as they were nothing but a springboard to extort Agel
into entering into the Letter Agreement, which extended a floating credit lim-
it containing onerous finance terms, and hoping to receive some sort of pay-
ment as settlement. In short, the reasons for withholding shipments were to
allow Bishop and Actitech to enrich themselves at Agel's expense and the
Letter Agreement resolved nothing.

8.4     Bishop, who was a director of JRJR, which wholly-owned its subsidiary Agel,
and was actively involved in managing Agel's business, knew or should have
known Agel's historical and future projections of cash flow, profitability, in-
ventory levels, and history of non-payments to vendors, among other finan-
cially-related information concerning Agel's financial health and ability to
meet ongoing obligations. In fact, JRJR's SEC Form 10-Q filed December 30,
2016 shows that Agel reported operating income of $295,000 and was finan-
cially healthy and fully able to meet its ongoing obligations. And Bishop, who
owned a portion of Actitech and negotiated the Letter Agreement on its be-
half, knew or should have known that Actitech's reasons for withholding
shipments to Agel were false, the finance terms contained in the Letter
Agreement were not fair, and the withholding of goods was not justified.

8.5     Bishop and Actitech knew or should have known that the foregoing misrepre-
sentations of material fact were false when made, or at the very least acted
with reckless indifference to the truth.

8.6 Bishop and Actitech made the foregoing misrepresentations of material fact with the intent to force Agel into entering into a transaction that enriched Bishop and Actitech at Agel's expense.

8.7 Agel reasonably and justifiably relied on the accuracy and truthfulness of the foregoing misrepresentations of material fact as Bishop was a director of Agel's parent company JRJR and he was involved in running Agel's affairs. As a JRJR director, Agel knew Bishop owed fiduciary duties to act in JRJR's best interest and, since Agel was a wholly-owned subsidiary that existed for JRJR's benefit, Agel knew that Bishop had a duty to act in Agel's best interest as well. Indeed, Bishop had at one point requested to serve as Agel's Chairman and CEO of Agel and represented to others that he was "running Agel." As a result, Agel trusted Bishop's oral and written statements of material fact concerning Actitech withholding shipments, his description that the Letter Agreement's terms were "fair," and that the Letter Agreement would resolve a dispute that existed in fact. Thus, Agel entered into the Letter Agreement based on those false statements of material fact.

8.8 Agel has been damaged by its reliance as it is now obligated to pay and forced to recognize a contingent liability $5 million in Finance Charges that materially impact Agel's and JRJR's financial statements. Agel's ability to obtain future debt and equity is negatively impacted and its current debt covenants have been adversely affected.

8.9 Additionally, Agel has been forced to incur legal fees resulting from Bishop's and Actitech's fraud. Moreover, because Bishop's and Actitech's intentional, wanton, malicious, and deliberate conduct described herein was outrageous, oppressive, or otherwise morally culpable, Agel is entitled to punitive damages.

## 9. Cause of Action 2: Breach of Fiduciary Duties brought by JRJR

9.1 Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

9.2     As a trusted director of JRJR, Bishop owed JRJR duties of good faith, loyalty, and candor. Bishop was obligated to place JRJR's interests above his own. With Agel being a wholly-owned subsidiary that existed for JRJR's direct benefit, Bishop was obligated to put JRJR's interest above his own. Instead, Bishop breached those obligations by, among other things, (i) creating a situation to extort a JRJR wholly-owned subsidiary, forcing that wholly-owned subsidiary to enter into an onerous finance transaction and misrepresent that transaction's terms, and receiving a direct and personal benefit of $5 million from that transaction (which should have accrued to JRJR's consolidated operating income) and (ii) extracting an agreement to transfer $4 million in common shares of JRJR stock to Actitech (a perceived benefit to Bishop), and (iii) repudiating this agreement, thereby forcing JRJR to recognize a contingent liability for his improper conduct.

9.3     Bishop has breached his fiduciary obligations to JRJR as herein alleged, and the Companies have suffered damages which were proximately caused by these breaches of fiduciary duty. Further, Bishop's breaches were willful, malicious, and intentional, for which JRJR is entitled to disgorgement of all compensation including equity and stock option grants paid to him during the time Bishop breached his duties,.

9.4     In addition, because Bishop's breaches of his fiduciary duties were willful, malicious, and intentional, and were done with the specific intent to cause substantial injury to Plaintiffs, Plaintiffs are entitled to an award of exemplary and punitive damages against Bishop in an amount to be ascertained at trial.

## 10.     Cause of Action 3: Breach of Fiduciary Duties brought by Agel

10.1    Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

10.2    As an individual that managed Agel's affairs and represented to others that he was "running Agel," Bishop had a relationship involving a high degree of trust and confidence with Agel. Indeed, so much so that at one point he re-

quested to be Chairman and CEO of Agel, and he assumed that responsibility in fact due to his management of Agel's affairs.

10.3  Bishop's special relationship with Agel existed prior to and apart from the Letter Agreement. Thus, Bishop owed Agel duties of good faith, loyalty, and candor and he was obligated to place Agel's interests above his own. Instead, Bishop breached those obligations by, among other things, creating a situation to extort Agel, forcing Agel to enter into an onerous finance transaction and misrepresent that transaction's terms, and receiving a direct and personal benefit from that transaction.

10.4  Bishop has breached his fiduciary obligations to Agel as herein alleged, and the Companies have suffered damages which were proximately caused by these breaches of fiduciary duty. Further, Bishop's breaches were willful, malicious, and intentional, for which Agel is entitled to disgorgement of all compensation paid to him during the time Bishop breached his duties.

10.5  In addition, because Bishop's breaches of his fiduciary duties were willful, malicious, and intentional, and were done with the specific intent to cause substantial injury to Plaintiffs, Plaintiffs are entitled to an award of exemplary and punitive damages against Bishop in an amount to be ascertained at trial.

## 11.  Cause of Action 4: Usury brought by Agel

11.1  Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

11.2  Bishop and Actitech loaned Agel an amount of money equal to the purchase price of the goods supplied by Actitech to Agel.

11.3  Agel, as evidenced by its execution of the Letter Agreement, had an absolute obligation to repay the amount loaned to it by Actitech.

11.4  The Letter Agreement that Agel executed with Bishop and Actitech contained interest terms that exceed the maximum amount allowed law. Specifically,

the $5 million in Finance Charges exceed the maximum amount of interest allowed to be charged under the Texas Finance Code § 302.001.

**12. Cause of Action 5: Declaratory Judgment under Tex. Bus. & Comm. Code 2.302(a) brought by Agel**

12.1   Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

12.2   The negotiating process surrounding Agel entering into and Agel's execution of the Letter Agreement was procedurally unconscionable. At the time of these events, Bishop and Actitech engaged in unethical and deceitful business practices to force Agel into an oppressive situation by withholding shipments based on false and fabricated reasons. With Actitech being its sole supplier, Agel was forced to comply with Actitech's demands to enter into the Letter Agreement and agree to its onerous terms. Since Agel had customer orders that it had to fill in a timely manner, Agel had no other viable alternative but to enter into the Letter Agreement. Agel relied on Bishop, who it knew was bound by fiduciary duties to act in JRJR's and its subsidiaries' best interest, for advice and input concerning the Letter Agreement. However, he misused that trust to Agel's and JRJR's detriment.

12.3   The Letter Agreement and its onerous terms are substantively unconscionable. As described above, Agel was put in a position where it had no choice but to accept the Letter Agreement's terms. Those terms are so utterly lopsided that not only are they usurious and against Texas law, but Agel has been charged about $5 million in Finance Charges for a short term loan in the amount of about $1.1 million. Indeed, Bishop and Actitech attempted to flip that obligation into a payoff of 4 million JRJR shares. There is no reasonable or subjective parity between the values exchanged.

12.4   Because of the Letter Agreement's procedural and substantive unconscionability, the Court should make a judicial declaration that the Letter Agreement and, to the extent necessary the settlement agreement, be rescinded in

its entirety or, at the minimum, be reformed to include commercially reasonable interest charges that fairly reflect the value exchanged.

**13. Cause of Action 6: Declaratory Judgment under Tex. Bus. Org. Code § 21.418 - Voidable Interested Transaction brought by JRJR and Agel**

13.1    Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

13.2    Bishop is a member of the board of directors of JRJR, which wholly-owns its subsidiary Agel. Contemporaneous to the aforementioned events, Bishop owns and is involved in the affairs of Actitech. In short, Bishop is obligated under the law to act in JRJR's and, by virtue of Agel being a wholly-owned subsidiary that exists for JRJR's direct benefit and "running Agel," Agel's best interest. However, Bishop was conflicted as to the Letter Agreement as he also has a financial and managerial interest in Actitech.

13.3    At the time Agel entered into the Letter Agreement with Actitech, Bishop did not fully disclose the material facts of his relationship with or interest in Actitech to JRJR or Agel. At no time did a majority of JRJR's disinterested board of directors or a majority of shareholders in good faith vote to approve the Letter Agreement. Additionally, the Letter Agreement was not fair to JRJR or Agel and at no time did the board of directors, a committee of the board of directors, or the shareholders authorize, approve, or ratify the Letter Agreement.

13.4    Accordingly, the Court should make a judicial declaration that the statutory safe harbor for interested transactions as defined by Texas Business Organizations Code § 21.418 is not available and that the Letter Agreement is voidable because it is an interested transaction.

**14. Cause of Action 7: Breach of Contract brought by Agel**

14.1    Plaintiffs re-allege each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

14.2     On or around November and December 2016, Agel and Actitech contracted for $125,000 and $50,000 worth of goods, respectively, through the issuance of purchase orders and invoices.

14.3     Delivery of the goods was supposed to be immediate. Agel performed the contract by paying for those shipments. However, Actitech breached the contract by failing to ship the goods and pocketing the money.

14.4     Agel has been damaged as it has been deprived of the benefit of its bargain and $175,000. Agel is further entitled to attorneys' fees for Agel's breach of contract.

## CONDITIONS PRECEDENT

Any and all conditions precedent have been performed or have occurred.

## REQUEST FOR DISCLOSURE

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, Defendants are requested to disclose, within 30 days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

## PRAYER

WHEREFORE, Plaintiffs respectfully pray that, upon final disposition of this matter, the Court upon the final disposition of this matter, they be (i) awarded a judgment for the causes of action as set forth herein; (ii) awarded all compensatory and punitive damages in addition to disgorgement amounts for the causes of action as set forth above, along with pre- and post-judgment interest as provided by law; (iii) declaration of rights of parties; (iv) awarded attorneys' fees and costs as provided by Texas law; and (v) awarded such other and further relief, whether special or general, at law or in equity, to which Plaintiffs may be justly entitled.

Dated: November 3, 2017           Respectfully Submitted,


/s/Frank Wright
_____

**Frank Wright**
State Bar No. 22028800
**Todd A. Murray**
State Bar No. 00794350
tmurray@gardere.com
**Brandon Marx**
State Bar No. 24098046
bmarx@gardere.com
GARDERE WYNNE SEWELL LLP
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
214-999-4862
214.999-3862 (fax)


**ATTORNEYS FOR PLAINTIFFS**