Kevin D. McCullough
State Bar No.  00788005
Kathryn G. Reid
State Bar No.  24068126
Shannon S. Thomas
State Bar No. 24088442
Zachary G. Levick
State Bar No. 24119380
ROCHELLE McCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone:  214-953-0182
Facsimile:  214-953-0185
kdm@romclaw.com
kreid@romclaw.com
sthomas@romclaw.com
zlevick@romclaw.com

GENERAL COUNSEL FOR
ROBERT YAQUINTO, JR., CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 18-32123-SGJ-7 |
| JRJR33, INC., and | § | CASE NO. 18-32124-SGJ-7 |
| THE LONGABERGER COMPANY | § | |
| | § | Jointly Administered Under |
| DEBTORS. | § | Case No. 18-32123-SGJ-7 |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT
AGREEMENT PURSUANT TO FED. R. BANKR. P. 9019**

NO HEARING WILL BE CONDUCTED HEREON UNLESS WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE, ROOM 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON **FRIDAY, SEPTEMBER 3, 2021,** WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICE ACTION MAY BE TAKEN.

**TO THE HONORABLE STACEY G. C. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:**

NOW COMES Robert Yaquinto, Jr., the Chapter 7 Trustee in the above-captioned case (the "Trustee"), and for his *Motion to Approve Compromise and Settlement Pursuant to FED. R. BANKR. P. 9019* would show the Court as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334.

2. This Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal bases for the relief requested here is Sections 105 and 502 of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

## FACTUAL BACKGROUND[1]

4. On June 29, 2018, JRJR33, Inc., ("JRJR33") and The Longaberger Company, ("Longaberger," and together with JRJR33, Inc., the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

5. On September 14, 2018, the Bankruptcy Court entered an order granting joint administration of the Debtors' bankruptcy cases (the "Bankruptcy Case"). Thereafter, the

---

[1] These are the Trustee's allegations of background facts and should not be construed as admissions of facts made or agreed to by the parties to the Settlement Agreement (defined below).

Bankruptcy Case was converted to a chapter 7 proceeding on October 26, 2018. Robert Yaquinto, Jr. was appointed as the chapter 7 trustee.

6. JRJR33's schedules reflect its ownership interest in several wholly owned subsidiaries. *See* Schedules at Dkt. No. 23, pgs. 35-36. Relevant to this motion are two of those subsidiaries, Spice Jazz, LLC, a Texas limited liability company ("Spice Jazz"), and Your Inspiration at Home Pty Ltd., an Australian proprietary limited company ("Your Inspiration").

7. On March 29, 2019, Spice Jazz initiated a lawsuit in the Southern District of California, styled *Spice Jazz LLC v. Youngevity International, Inc.*, et al, Case No. 3:19-cv-00583 (the "California Action"). The defendants in the California Action are Youngevity International, Inc. ("Youngevity"), Stephan R. Wallach, David S. Briskie, Loren J. Castronovo, Bianca Reyne Djafar-Zade (collectively, the "Youngevity Parties").

8. Spice Jazz alleged, among other things, that the Youngevity Parties misappropriated trade secrets and unlawfully solicited and hired Spice Jazz's employees away from the company, resulting in its financial collapse. Spice Jazz asserted causes of action against the Youngevity Parties for fraud, tortious interference, misappropriation of trade secrets, aiding and abetting breach of fiduciary duty, and restitution.

9. The Youngevity Parties counterclaimed against Spice Jazz, asserting a violation of the Lanham Act for alleged false and misleading statements causing economic damage to Youngevity's business.

10. JRJR33's Schedules identified the claims against Youngevity as a potential asset of the estate, with a value of $30,000,000.00. *See* Schedules at Dkt. No. 23, pg. 6.

11. On August 13, 2019, the Bankruptcy Court granted the *Trustee's Motion for Authority to Operate Debtors' Wholly Owned Business Entities* [Dkt. No. 167], authorizing the

Trustee to operate and exercise all rights of, inter alia, Spice Jazz, including the authority to manage and control all of Spice Jazz's litigation.

12. On July 19, 2021, the Bankruptcy Court renewed the Trustee's authority concerning the Debtor's subsidiaries by granting the *Trustee's Second Motion for Authority to Operate Debtors' Wholly Owned Business Entities* [Dkt. No. 213], authorizing Mr. Yaquinto to operate and exercise all rights of, inter alia, Spice Jazz, including the authority to manage and control all of Spice Jazz's litigation.

13. The parties in the California Action have spent years working up their respective claims, completing substantial written discovery, depositions, dispositive motion practice, and settlement conferences with the court. Ultimately, the soaring expense of continuing to prosecute the claims coupled with the risk of an adverse judgment and highly speculative collection prospects in the event of a successful judgment poses a no-win scenario. In these situations, the only pragmatic solution is to stop throwing good money after bad and walk away. For these reasons, the Trustee supports the mutual walkaway compromise reached in the California Action. The parties in that case, and the Trustee on behalf of the bankruptcy estate of JRJR33, and as the authorized litigation representative of Spice Jazz and Your Inspiration, have agreed to mutual releases. Each party shall bear its own attorney's fees and costs.

## RELIEF REQUESTED

14. The Trustee respectfully requests that this Court enter an order approving the Settlement Agreement attached hereto as <u>Exhibit A</u> and incorporated herein for all purposes.

15. Bankruptcy Rule 9019 grants a court the authority to approve a compromise or settlement after notice and a hearing. FED. R. BANKR. P. 9019. Under this authority, courts have routinely approved compromises and settlements that minimize litigation and benefit the

bankruptcy estate. *See In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005) (stating "[o]ne of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves"); *see also Marandas v. Bishop* (*In re Sassalos*), 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy"). Whether to approve or deny a compromise involving the bankruptcy estate is committed to the discretion of the court; an appellate court will reverse only when that discretion has been abused. *In re Jackson Brewing Co.,* 624 F.2d 599, 602-03 (5th Cir. 1980).

16. In deciding whether to approve a proposed settlement agreement or compromise of controversy, a bankruptcy court should consider the following factors:

   a. the probability of success on the merits and the resolution of the dispute;
   b. the complexity of the litigation being settled;
   c. the expense, inconvenience, and delay associated with litigating the dispute; and
   d. the paramount interests of creditors.

*Conn. Gen. Life Ins. Co. v. United Companies Fin. Corp*. (*In re Foster Mortgage Corp.*), 68 F.3d 914, 917 (5th Cir. 1995); *see also Jackson Brewing*, 624 F.2d at 602 (*citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968); *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929)).

17. When considering these factors, a court should determine whether the settlement is "fair and equitable" as a whole instead of focusing on one factor in particular. *Jackson Brewing Co.,* 624 F.2d at 602. Finally, settlements should be allowed unless they fall below the lowest point of the range of reasonableness. *See In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983); *see also In re Nw. Corp.*, 2004 WL 1661012 at *3 (Bankr. D. Del. July 23, 2004).

18. Applying the foregoing standards, this Court's approval of the Settlement Agreement and the terms set forth therein is warranted under the circumstances. The Trustee is satisfied that litigation counsel representing Spice Jazz in the California Action has thoroughly investigated potential sources of funds from which a judgment or settlement could be paid, and has concluded that there is no realistic source of recovery. The lack of prospects of collection, coupled with the time and expenses being incurred and paid by litigation counsel, and the general risk of an adverse ruling in a complex business dispute, strongly suggest that the only reasonable way forward is for the parties to extricate themselves from this burdensome litigation.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order (i) granting the Motion; (ii) approving the Settlement Agreement; and (iii) granting such other and further relief as may be deemed just and proper.

Dated: August 13, 2021.

Respectfully submitted,

By: */s/ Kathryn G. Reid*
Kevin D. McCullough
State Bar No. 00788005
Kathryn G. Reid
State Bar No. 24068126
Shannon S. Thomas
State Bar No. 24088442
Zachary G. Levick
State Bar No. 24119380
ROCHELLE McCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: 214-953-0182
Facsimile: 214-953-0185
kdm@romclaw.com
kreid@romclaw.com

GENERAL BANKRUPTCY COUNSEL FOR
ROBERT YAQUINTO, JR., CHAPTER 7 TRUSTEE