Kevin D. McCullough
State Bar No. 00788005
Kathryn G. Reid
State Bar No. 24068126
Shannon S. Thomas
State Bar No. 24088442
ROCHELLE McCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: 214-953-0182
Facsimile: 214-953-0185
kdm@romclaw.com
kreid@romclaw.com
sthomas@romclaw.com

GENERAL COUNSEL FOR
ROBERT YAQUINTO, JR., CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-32123-SGJ-7 |
| | § | CASE NO. 18-32124-SGJ-7 |
| JRJR33, INC., and | § | |
| THE LONGABERGER COMPANY | § | Jointly Administered Under |
| | § | Case No. 18-32123-SGJ-7 |
| DEBTORS. | § | |

**NOTICE OF FINAL SETTLEMENT PAYMENT RELATED TO ORDER GRANTING TRUSTEE'S MOTION, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019, FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AND COMPROMISE WITH DEBTOR'S FORMER DIRECTORS, OFFICERS, AND CERTAIN RELATED PARTIES, INCLUDING BAR ORDER PROHIBITING PARTIES FROM ASSERTING CERTAIN CLAIMS [DKT. NO. 228]**

**TO THE HONORABLE STACEY G. C. JERNIGAN,
UNITED STATES BANKRUPTCY JUDGE:**

NOW COMES, Robert Yaquinto, Jr., as Chapter 7 Trustee for the above referenced debtors (the "Trustee") and files this *Notice of Final Settlement Payment Related to Order Granting Trustee's Motion, Pursuant to Federal Rule of Bankruptcy Procedure 9019, for Entry of an Order Approving Settlement and Compromise with Debtor's Former Directors and Officers and Certain Related Parties, Including Bar Order Prohibiting Parties from Asserting Certain Claims [Dkt. No. 228]*, and in support thereof respectfully states as follows:

### I.   BACKGROUND

1. On October 15, 2021, the Court entered the *Order Granting Trustee's Motion, Pursuant to Federal Rule of Bankruptcy Procedure 9019, for Entry of an Order Approving Settlement and Compromise with Debtor's Former Directors and Officers and Certain Related Parties, Including Bar Order Prohibiting Parties from Asserting Certain Claims* [Dkt. No. 228] (the "Order"). The Order authorized the Trustee to carry out the Settlement Agreement (*see* Dkt. No. 220, Ex. B) with the defendants in the adversary case styled *Yaquinto v. Rochon, et al.*, Adv. No. 20-03085-SGJ and certain defendants in the adversary case styled *Yaquinto v. JGB Collateral, LLC, et al.*, Adv. No. 20-03086-SGJ.

2. The cash consideration described in the Settlement Agreement consisted of two components: (i) an "Initial Settlement Payment" of $3.2 million; and (ii) a "Final Settlement Payment" that was to be determined after defense counsel had submitted their final invoices for defense costs to the carrier for payment. The amount of the Final Settlement Payment was not known with certainty at the time the Settlement Agreement was approved as defense counsel had additional time thereafter to submit all requests for reimbursement. The purpose of this Notice is to update the Court and parties-in-interest as to the amount of the Final Settlement Payment.

3. All but approximately $200,000 in Policy Proceeds was spoken for after the Initial Settlement Payment, pre-approved defense costs, and a $50,000 reserve to be retained by the carrier. The Settlement Agreement contemplated that final defenses costs would be paid from these remaining Policy Proceeds and any surplus would then go to the Trustee, and this was defined as the "Final Settlement Payment" in the Settlement Agreement. *See* Dkt. No. 220, Ex. B, pg. 5 ¶ 2.

4. Furthermore, the *Order Granting Application of Rochelle McCullough, LLP for Fees and Expenses as Trustee's Special Litigation Counsel* [Dkt. No. 229] (the "Fee Order") authorized the Trustee to pay the firm 40% of the "Final Settlement Payment."

## II. FINAL SETTLEMENT PAYMENT

5. After payment of final defense costs, the Final Settlement Payment amounted to $155,181.02 in surplus Policy Proceeds paid to the Trustee, split equally[1] between the Estates of JRjr33, Inc. and The Longaberger Company.

6. 40% of the Final Settlement Payment, or $62,072.40, was paid to Rochelle McCullough pursuant to their contingent fee approved by the Fee Order.

7. A summary of the allocation of the Initial Settlement Payment, Final Settlement Payment, and special counsel fees and expenses is as follows:

|  | Estate of JRjr33, Inc. | Estate of The Longaberger Company | Total |
|---|---|---|---|
| Initial Settlement Payment | $1,600,000.00 | $1,600,000.00 | $3,200,000.00 |
| *Plus* Final Settlement Payment | $77,590.51 | $77,590.51 | $155,181.02 |
| ***Total* Settlement Payment to the Estates** | **$1,677,590.51** | **$1,677,590.51** | **$3,355,181.02** |
| *Less* 40% Attorneys' Fees from Initial Settlement Payment | ($640,000.00) | ($640,000.00) | ($1,280.000.00) |
| *Less* Litigation Expenses | ($38,040.82) | ($38,040.83) | ($76,081.65) |
| *Less* 40% Attorneys' Fees from Final Settlement Payment | ($31,036.20) | ($31,036.20) | ($62,072.40) |
| ***Net* Settlement Payment to the Estates** | **$968,513.49** | **$968,513.48** | **$1,937,026.97** |

---

[1] As provided in the Order, the Trustee was authorized to allocate the Settlement Payment equally between the bankruptcy estates, but notwithstanding this authorization, the Trustee and all parties-in-interest have the right to further petition the Court should they believe a different allocation is more appropriate. *See* Dkt. No. 228, pg. 3 ¶ C.

Dated: February 2, 2022.

        Respectfully submitted,

        ROCHELLE McCULLOUGH, LLP

        */s/ Kathryn G. Reid*
        Kevin D. McCullough
        State Bar No. 00788005
        Kathryn G. Reid
        State Bar No. 24068126
        Shannon S. Thomas
        State Bar No. 24088442
        ROCHELLE McCULLOUGH, LLP
        325 N. St. Paul Street, Suite 4500
        Dallas, Texas 75201
        Telephone: 214-953-0182
        Facsimile: 214-953-0185
        kdm@romclaw.com
        kreid@romclaw.com
        sthomas@romclaw.com

        BANKRUPTCY COUNSEL FOR
        ROBERT YAQUINTO, JR., CHAPTER 7 TRUSTEE

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 2, 2022, a true and correct copy of the foregoing document was served via the Court's ECF system on all parties registered to receive electronic notice in this case.

        */s/ Kathryn G. Reid*
        Kathryn G. Reid