

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 11, 2022**

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 18-32123-SGJ-7 |
| JRJR33, INC., and § | CASE NO. 18-32124-SGJ-7 |
| THE LONGABERGER COMPANY § | |
| § | Jointly Administered Under |
| DEBTORS. § | Case No. 18-32123-SGJ-7 |

### ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF CLAIMS OF JRJR33, INC. AND AGEL ENTERPRISES, INC. IN RELATED BANKRUPTCY CASE UNDER RULE 9019

**CAME ON FOR CONSIDERATION** this day the *Trustee's Motion for Approval of Compromise and Settlement of Claims of JRJR33, Inc. and Agel Enterprises, Inc. in Related Bankruptcy Case under Rule 9019* (the "Settlement Motion") [Dkt. No. 258] filed by Robert Yaquinto, Jr., Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of JRJR33, Inc. ("JRJR33") and The Longaberger Company ("Longaberger" and together with JRJR33, the "Debtors").  The Court, having considered the Settlement Motion and the applicable legal

authorities, finds good cause exists to grant the relief requested in the Settlement Motion. It is therefore

**ORDERED** that the Final Settlement Agreement and Mutual Release (the "Settlement Agreement") attached as Exhibit B to the Settlement Motion is **APPROVED**; it is further

**ORDERED** that, within ten (10) days of receipt of the Settlement Payment[1] from ActiTech, LP ("ActiTech"), the Trustee shall pay to JGB Collateral, LLC ("JGB") the Settlement Payment, net of: (a) Sbaiti and Company's contingency fee of 40% plus costs; (b) the hourly fees and costs incurred by Rochelle McCullough in connection with the Adversary Proceeding as approved by the Court;[2] and (c) the statutory fee owing to the Trustee; it is further

**ORDERED** that such payment to JGB shall be applied to the amounts owing to JGB by JRJR33, but shall not constitute a release of JGB's claim against the bankruptcy estate of JRJR33 or any other individual or entity that is liable on the debt owing to JGB; it is further

**ORDERED** that within ten (10) days of the Effective Date of the Settlement Agreement, ActiTech shall withdraw Proof of Claim No. 30 in this bankruptcy case and shall not file any other proofs of claim in this case; it is further

**ORDERED** that within three (3) business days of the payment of the Settlement Payment and delivery of the Assignment by ActiTech, and receipt by JGB of the Settlement Payment (net permitted deductions), JRJR33 and Agel shall jointly dismiss the Adversary Proceeding with prejudice; it is further

**ORDERED** that, within ten (10) days of receipt of any proceeds realized from any claims assigned to JRjr33 pursuant to the Settlement Agreement (the "Assigned Claims Proceeds"), the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.
[2] The Trustee shall reserve $100,000 of the Settlement Payment for the payment of Rochelle McCullough, LLP's hourly fees and costs incurred in this matter. Should the final amount of fees and costs approved by the Court be less than $100,000, the Trustee shall remit the difference to JGB.

**ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF
COMPROMISE AND SETTLEMENT OF CLAIMS**                                                                 2

Trustee shall pay to JGB the Assigned Claims Proceeds, net of: (a) Sbaiti and Company's contingency fee of 40% plus costs; (b) the hourly fees and costs incurred by Rochelle McCullough in connection with the adversary proceeding relating to the Assigned Claims proceeds, as approved by the Court; and (c) the statutory fee owing to the Trustee; it is further

**ORDERED** that the parties shall take any and all further actions and execute such additional documents as are necessary to effectuate all of the terms of the Settlement Agreement; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear any and all disputes related to the enforcement of the Settlement Agreement and this Order.

## ## END OF ORDER ##

**Submitted by:**

*/s/ Shannon S. Thomas*
**Kevin D. McCullough**
**State Bar No.  00788005**
**Shannon S. Thomas**
**State Bar No. 24088442**
**Zachary G. Levick**
**State Bar No. 24119380**
**ROCHELLE McCULLOUGH, LLP**
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone:  214-953-0182
Facsimile:  214-953-0185
kdm@romclaw.com
sthomas@romclaw.com
zlevick@romclaw.com

**GENERAL BANKRUPTCY COUNSEL FOR**
**ROBERT YAQUINTO, JR., CHAPTER 7 TRUSTEE**